UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EADY,<br><br>                    Plaintiff,<br><br>v.<br><br>ORGANOGENESIS, INC., et al.,<br><br>                    Defendants. | Case No.: 25-cv-00361-TWR-JLB<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE FACT DISCOVERY CUT-OFF DEADLINE AND OTHER DEADLINES IN THE COURT'S SCHEDULING ORDER**<br><br>**[ECF No. 48]** |

Before the Court is a Joint Motion to Continue Fact Discovery Cut-Off Deadline and Other Deadlines in the Court' Scheduling Order. For good cause shown, the Joint Motion is **GRANTED IN PART**,[1] and the Scheduling Order (ECF Nos. 13, 18) is modified as follows:

1.  All fact discovery shall be completed by all Parties by **April 6, 2026**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of

---

[1] The parties' request to continue the written discovery generation deadline is denied. The parties did not address good cause with respect to that deadline and did not address excusable neglect for asking to continue a deadline that had long passed. *See* Fed. R. Civ. P. 6(b)(1)(B); J. Burkhardt Civ. Chambers R. § IV(C)(1)(b).

Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

**Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1.a.** The Court expects counsel to make every effort to resolve all disputes without Court intervention through the meet-and-confer process. Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules.

**All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V. **A failure to comply in this regard will result in a waiver of a Party's discovery issue. Absent an Order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2. The Parties shall designate their respective experts in writing by **January 5, 2026**. The Parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 19, 2026**. The written designations shall include the name, address, and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **February 12, 2026**, each Party shall comply with the disclosure provisions in Rules 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the Party regularly involve the giving of

expert testimony.  **Except as provided in the paragraph below, any Party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

4. Any Party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **February 26, 2026**.

5. All expert discovery shall be completed by all Parties by **April 23, 2026**.  The Parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery Order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **May 23, 2026**.  Counsel for the moving Party must obtain a motion hearing date from the law clerk of the Judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions *in limine* are to be filed as directed in the Civil Local Rules or as otherwise set by the District Judge.

8. Plaintiff's counsel shall serve a copy of this Order on all Parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  December 1, 2025

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge